IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40144
Conference Calendar
_____


MARK ANDREW CHRISTENSEN,

                                    Plaintiff-Appellant,

versus

RON SCOTT, Administrative Warden,
Bowie County Correctional Center;
CAROL DOLBE, Assistant District
Attorney, Bowie County, Texas,

                                    Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:95-CV-193
- - - - - - - - - - -
June 26, 1996
Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Mark Andrew Christensen, #85649, a Colorado state prisoner incarcerated in Texas, appeals from the district court's dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(d).  Christensen argues that he was denied access to the courts because Dolbe removed a disk containing

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Colorado statutes from the prison law library, that the prison law library is inadequate, that no other method of legal support is available to the inmates, that the prison does not have a system for Colorado inmates to make legal telephone calls to their attorneys, that since filing his complaint he has been transferred to a facility with no law library, and that he is denied the rights and privileges available to other Colorado inmates incarcerated in the State of Colorado.  Because Christensen failed to allege the element of legal prejudice necessary to set forth a cognizable access-to-the-courts claim, the district court did not abuse its discretion by dismissing this claim as frivolous.  See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).  Neither has Christensen alleged purposeful or intentional discrimination with regard to the transfer of Colorado inmates to Texas prison facilities.  See Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).  He has thus failed to set forth a cognizable equal protection claim.  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.